STATE of Tennessee ex rel. DEPARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Robert F. Smith, Commissioner, Plaintiff-Appellee,

v.

Harvey GEE and wife, Mary Virginia Gee, Madison Investments, J. Vaulx Crockett, Trustee, the Equitable Life Assurance Society of the United States, Defendants-Appellants.

Court of Appeals of Tennessee,
Middle Section.

Oct. 28, 1977.

OPINION ON PETITION TO REHEAR

DROWOTA, Judge.

Defendants Madison Investments and Equitable Life Assurance Society of the United States have filed a rather lengthy petition to rehear. We have considered the petition and determined that it presents no reason to rehear the case, but we deem it worthwhile to comment on a few of the points it raises.

Petitioners contend that our opinion overlooked damages for the temporary taking of a 3-year construction easement on a portion of the property subject to the lease, and allege that they are entitled as lessees to all of the damages for this taking. It is true that our opinion does not address the question of allocation of these damages. The reason is that the trial court did not refer to such damages in its decision, nor were they made the subject of any assignment of error or argument in this Court. Furthermore, the testimony of petitioners' appraisal witness, Gibson, contains not a word about any such damages, but uses the $28,650.00 figure as the total value of the property taken in fee simple. We wish to make it clear that because the case was so presented to us, our opinion deals only with the question of apportionment between lessors and lessee of the value of the *property taken in fee*. Any decision which the trial court may have made or may choose to make as to what damages are to be awarded and to whom for the temporary easement is not affected in any way by our opinion, nor do we think it appropriate to rule on the question ourselves at this point.

In the fifth, sixth, and seventh grounds stated in support of the petition, we think the concerns expressed by petitioners result from reading into some of our language far more than it was intended to convey. We did not determine that the escalator clause in the lease was entitled to any consideration in assessing damages, but simply that its effect on that assessment, if any, is a matter that the trial court might wish to decide after hearing evidence presented by the parties on the issue. Such evidence could quite properly include testimony supporting the proposition now pressed by petitioners that the clause should not be considered at all. In regard to petitioners' sixth ground, we think it clear that our opinion neither contradicts nor even addresses the trial court's decision to treat the lease as one for 75 years by including the second, as yet unexercised 25-year option period as part of its term. Our use of the phrase "unexpired term" at page 8 of the opinion in stating the long-established Tennessee rule of apportionment in these cases in no way suggests a determination by us of the exact length to be assigned that term in this case. Finally, in response to petitioners' seventh ground, our remark that "[o]nly two witnesses gave testimony at the trial" refers to *live* testimony. The deposition of Harvey Gee, which we are fully aware was made part of the bill of exceptions, was considered by this Court with the rest of the record and remains in the record of this case for anyone who cares to look at it, and we fail to see how our description of the trial could prejudice petitioners in this or any subsequent proceeding.

The other grounds advanced by petitioners all basically attack the application to long-term leases of the Tennessee apportionment rule stated in the opinion. This contention has been answered in the opinion by our decision that, while the logic and authority supporting the rule urged by petitioners for long-term lease cases are persuasive, we are compelled by Tennessee law to follow a different rule until the legislature or our Supreme Court decides otherwise.

We think our opinion adequately reflects the rule to be applied under the Tennessee authorities cited. We also believe that it is sufficiently clear that that rule can only be property applied after testimony is elicited on remand which is addressed directly to the elements used by the rule to apportion damages. Accordingly, the petition to rehear is respectfully overruled.

TODD, J., concurs.

SHRIVER, P. J., not participating.